In the Interest of D.R.R., A Minor Child,

**L.R., Paternal Grandmother, Appellant.**

**No. 92–783.**

Court of Appeals of Iowa.

Feb. 23, 1993.

---

Patrick L. Wilson of the Wilson Law Office, Marshalltown, for appellant grandmother.

Stephen T. Brennecke, Marshalltown, for appellant father.

Nancy L. Burk, Toledo, for appellee mother.

Bonnie J. Campbell, Atty. Gen., John M. Parmeter, Sp. Asst. Atty. Gen., Judy A. Sheirbon, Asst. Atty. Gen., and Brent D. Heeren, County Atty., for appellee State.

John S. Livingston, Gladbrook, for minor child.

Heard by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

DONIELSON, Judge.

The father and paternal grandmother appeal from the juvenile court's adjudication and dispositional orders which awarded temporary physical custody of D.R.R. to the mother.

D.R.R. was born in August 1989 and is the natural daughter of A.R., the father, and A.W., the mother. A.R. and A.W. were never married. L.R. is D.R.R.'s paternal grandmother. All of the parties involved are American Indians.

Between her birth and June 1990, D.R.R. lived with her parents. In June 1990, A.W. and A.R. were evicted from their apartment and they moved in with L.R. The parents often left D.R.R. in L.R.'s care while they worked or socialized. During this period, A.W. and A.R. often fought and both abused alcohol.

Over the next year, the relationship between A.W. and A.R. deteriorated. In July 1991, A.W. and D.R.R. came to stay with A.W.'s mother. Within the following week, L.R. came to A.W.'s mother's home and requested permission of A.W.'s mother to take D.R.R. to a religious feast. L.R. told A.W.'s mother she would return D.R.R. at 10:00 p.m. that same day. A.W. was at work at the time. However, L.R. refused to return D.R.R. to A.W.

In December 1991, L.R. did not let A.W. see D.R.R. at Christmas time. At that point, A.W. decided to pursue obtaining custody of D.R.R. On January 30, 1992, A.W. filed a petition for habeas corpus to have the child returned to her physical custody. Two weeks earlier, L.R. had filed a petition for guardianship.

On March 4, 1992, a child in need of assistance (CINA) hearing was held regarding D.R.R. The parties stipulated D.R.R. was CINA based on the mother's history of alcohol abuse. The court ordered physical custody of D.R.R. be returned to A.W. The court also denied the mother's request to grant concurrent jurisdiction with the district court on her petition for habeas corpus. The juvenile court determined it was the most appropriate forum to determine the child's welfare.

On March 30, 1992, a dispositional hearing was held. At the hearing, Cheryl Alden–Recker of the Department of Human Services (DHS) noted A.W. had enrolled in a parenting class and was in contact with a substance abuse treatment center. Based on her observations, she testified D.R.R. was not in imminent danger as long as A.W. continued to abstain from alcohol and attended counseling and the parenting classes. The juvenile court ruled physical placement of D.R.R. should continue with A.W. under the supervision of DHS. Also,

the court denied the Crow tribal court's request that the matter be transferred to their court. (This request had been joined by L.R. and A.R.) The court found A.W. had objected to the transfer, and that good cause had been shown for leaving the matter in state court. *See* 25 U.S.C. § 1911(b) (1988).

In April 1992, L.R. and A.R. filed a notice of appeal. In July 1992, A.W. petitioned the supreme court for a limited remand. The mother requested the remand for a determination of whether she could take D.R.R. out of the state so that she could attend vocational school. The supreme court granted the limited remand. The juvenile court granted the mother's request and D.R.R. accompanied her to North Dakota. In August 1992, A.W. was incarcerated for an operating while intoxicated, third offense.

L.R. and A.R. appeal from the juvenile court's adjudication and dispositional orders which awarded temporary physical custody of D.R.R. to A.W. They contend the juvenile court erred in (1) failing to issue an order authorizing the temporary removal of D.R.R. from A.W.'s custody and (2) failing to transfer legal custody of D.R.R. to L.R. The juvenile court's refusal to transfer the case to the Crow tribal court was not appealed.

▆ In CINA proceedings, we review the evidence de novo. *In re J.R.H.*, 358 N.W.2d 311, 317 (Iowa 1984). Of paramount concern is the welfare and best interests of the child. *In re D.L.*, 401 N.W.2d 201, 202 (Iowa App.1986). Although we are not bound by the findings of the juvenile court, we give weight to the juvenile court's findings of fact because that court has had the unique opportunity to hear and observe the witnesses first hand. *In re S.V.*, 395 N.W.2d 666, 668 (Iowa App.1986).

▆ **I.** *Juvenile Court's Failure to Order D.R.R. Temporarily Removed from A.W.'s Custody.* L.R. and A.R. first contend the juvenile court erred in failing to issue an order authorizing the temporary removal of D.R.R. from the custody of her mother, A.W.

Following a CINA adjudication, the court may issue an order authorizing the temporary removal of the child from child's home pending a final order of disposition. Iowa Code § 232.96(10) (1991). However, the juvenile court must find "removal is necessary to avoid imminent risk to the child's life or health." Iowa Code § 232.95(2)(a) (1991). Such removal must also contain a finding that to continue to place the child in the home would be contrary to the welfare of the child and that reasonable efforts have been made to prevent the need for removal. *Id.*

Although the court recognized the mother's history of alcohol abuse, the court also acknowledged the goal of reunifying A.W. and D.R.R. The mother's history of alcohol abuse was not enough to support a finding that the child was in imminent danger. On our review, we agree there was no showing of imminent danger which would necessitate D.R.R.'s removal from A.W.'s home. We also recognize the importance of promoting reunification with the mother.

We note the court placed certain requirements on its temporary disposition. The court ordered the transfer be subject to DHS approval. The court ordered A.W. to cooperate with DHS services and to refrain from alcohol consumption. Finally, the court allowed L.R. generous visitation. As there was no showing of imminent danger and the placement was subject to DHS supervision, we find the juvenile court properly declined to order D.R.R. removed from A.W.'s home.

▆ **II.** *Juvenile Court's Failure to Transfer Legal Custody of D.R.R. to L.R.* L.R. and A.R. also contend the juvenile court erred in failing to transfer legal custody of D.R.R. to L.R.

Iowa Code chapter 232 is to be construed liberally with a preference for keeping a child in the child's own home. Iowa Code § 232.1 (1991). Whenever possible, the court should permit the child to remain at home with the child's parent. Iowa Code § 232.102(5) (1991). Iowa Code section 232.102(5) states, in relevant part:

Custody of the child should not be transferred unless the court finds there is clear and convincing evidence that:

a. The child cannot be protected from physical abuse without transfer of custody; or

b. The child cannot be protected from some harm which would justify the adjudication of the child as a child in need of assistance and an adequate placement is available.

Iowa Code § 232.102(5) (1991).

Here, the juvenile court did not find D.R.R.'s situation warranted a removal from A.W.'s home. However, the court did not make this determination until after DHS performed an investigation of A.W. and her home. Cheryl Alden–Recker of DHS testified regarding A.W.'s home and her ability to parent. She found D.R.R. was not in imminent danger as long as A.W. abstained from alcohol and continued counseling and parenting classes. A.W. testified she planned to go back to school and had applied at a school which would provide day care and housing for single parent students. In its dispositional order, the court again required A.W. abstain from alcohol and drugs and cooperate with DHS services.

We will not order a removal unless we find clear and convincing evidence D.R.R. cannot be protected from some harm which would justify a CINA adjudication. The fact L.R., D.R.R.'s paternal grandparent, may possess better parenting skills than A.W. cannot be controlling. We must respect the preference for placing D.R.R. in the home of her parent. We affirm the juvenile court on this issue.

The costs of this appeal are taxed one-half to A.R. and one-half to L.R.

For the reasons stated, we affirm the judgment of the juvenile court.

**AFFIRMED.**